LEMON *against* THE HEIRS OF JACOB STAATS.
GRAHAM *against* THE SAME.
VAN RENSSELAER *against* THE SAME.
DOUW *against* THE SAME.

Among sever-    IN the first cause, there was a judgment for the plaintiff,
al judgments,
that in which  for $472,18 ; in the second, for $144,02; in the third, for
the record is  $278,07; and in the 4th, for $645,80 ; all docketed in the
first    filed,
takes  prefer- Clerk's office of this Court, at *Albany,* the 9*th* of *August,*
ence.
  And to de-   1822—the 1st, 2d and 3d, eleven minutes before 9 A. M.
termine  this, and the last 15 minutes before 9 A. M.
the court will
inquire   into
the fractional parts of a day.
    And so, *it seems,* of mortgages ; i. e the one first registered takes preference :
    And of executions against goods, the one first delivered binds the property.
    And, *it seems,* that in all these cases, the court will notice the fractions of a day.
    If the sheriff levy and sell the goods on the execution last delivered, he is liable to the
plaintiff in the first.

On the *2d October*, 1823, certain premises, being all the property of the defendants, were sold on a *fi. fa.* upon each of the judgments, and bid off for $1400, by the agent of the plaintiffs in the three first causes, the *fi. fa.* in each of which was issued and delivered to the Sheriff, *August* 9, 1823, at 7 A. M. on the same day, and before the *fi. fa.* in the last. Executions in all the causes had been delayed one year, on account of the infancy of the defendants, according to the 6th section of the *act for the relief of creditors against heirs and devisees*, (1 *R. L.* 318.)

*A. Van Vechten*, now moved for a rule, that the Sheriff pay a ratable proportion of the monies levied, to each of the plaintiffs. He said, the Court takes no notice of the fractions of a day, nor does the statute,(*a*) require the hour of the day to be noted by the Clerk. But if it does require this, the time must be within regular office hours, when alone the office is considered open. A contrary rule would lead to unseemly squabbling among creditors. In *Waterman* v. *Haskin*,(*b*) the Court treat judgments filed on the same day, as simultaneous. So also in *Adams* v. *Dyer*.(*c*) In these cases the Court, by very strong implication, reject fractions of a day.

(*a*) *Sess.* 36 *ch.* 50, *s.* 2, 1 *R. L.* 501.

(*b*) 11 *John.* 230.
(*c*) 8 *id.* 347.

*S. S. Lush*, contra, contended that the record first filed should take preference. In the cases cited, the priority in the time of day was in doubt, and the Court, therefore, put the judgments upon equal footing. It is evident, from their remarks, that they would have considered the fractions of the day, had the proof plainly established a priority. *Douw's* judgment, being docketed five minutes before the others, gives him preference. The Court will always inquire into the fractions of a day, where it becomes material to the rights of the parties.

*Curia.* This is not the case of *Waterman* v. *Haskin*, and *Adams* v. *Dyer*, where the judgments were docketed at the same time, and the preference was to be determined by the greater vigilance in following them to execution. The statute,(*d*) speaks of the *time*, not the *day*, of filing the record.

(*d*) 1 *R. L.* 501, *s.* 2.

(e) id. 373,
s. 2.
(f) id. 501,
2, s. 6.

(g) 2 Burr.
950.

(h)      Com.
Rep. 35.  Ld.
Raym.    251.
Salk. 320.

The Clerk is to note the *time*. The statute(e) contains a similar provision in relation to mortgages, which are to take preference according to the *times* of their registry respectively. So of an execution : it shall not bind the property of the goods of any person, &c. but from the *time* when it is delivered to the officer.( f ) In all these instances, the statute considers the *time* at which the act is done, as the material circumstance to fix the preference. In the cases cited, the Clerk had not noted the time of day. In *Adams* v. *Dyer*, the Court express a doubt whether they were at liberty to inquire into the fractional parts of a day, in order to see which record was first filed ; but the point did not arise in the case, nor has it ever been decided. Perhaps the act would be satisfied, should we confine our attention to the *day* of filing ; but we think it more proper to look to the precise *time*, if we are not forbidden by any rule of law to notice the fractions of a day ; and so far from this being forbidden, it is warranted by direct authority. In *Johnson et al.* v. *Smith*,(g) it is decided that the Court will inquire not only into the day but the hour of the day, when this becomes important for the purposes of equity. *Liens* upon land are created, and take effect from the time of filing the roll. To give a record, filed at 10 o'clock, the same effect as one filed at 9, would be to take away a right vested by the statute, which we think refers particularly to the hour and minute of filing. The precise time of delivering an execution to the Sheriff, is properly inquirable into. If he sells under the younger execution, at the expense of the elder, he is liable.(h) Formerly, it was not the practice of the Clerks to note the hour of filing the record, but of late this has been done, and we believe the same thing has been uniformly done at the several County Clerks' offices, in the registry of mortgages. We are satisfied that the intention and spirit of the statute require a similar preference in the case before us. Some inconvenience may arise from the offices being kept at several different places ; but the Court will always require very clear proof of priority, before they will give a

preference to one record over another, which is filed on the same day. We are of opinion that *Douw's* judgment is entitled to preference.

Rule accordingly.