In the Matter of the Petition of the TRUSTEES OF THE NEW
YORK AND BROOKLYN BRIDGE to Acquire Lands of WILLIAM
IRVING CLARK et al.

In proceedings to acquire lands under "the condemnation law" (Code
Civ. Pro. chap. 23, §§ 3357 *et seq.*) the appraiser may, where the land is
leased, either appraise the entire value and then apportion it among the
fee owners and tenants, or, in the first instance, appraise the value of
each separate interest.

While, when the award of the appraisers has been confirmed by the
General Term it is not reviewable here, if that court modify the award,
by increasing or diminishing it, its action is reviewable.

Where, therefore, in proceedings to condemn lands for the N. Y.
& B. Bridge Co., a motion was made to confirm the award at Spe-
cial Term which refused to confirm, and on appeal the General
Term reversed the Special Term order and confirmed the award with
interest thereon from the date of that order, *held*, that the order was
reviewable here, and that the allowance of interest was error ; that the
court, either at Special or General Term, had no power to alter the
award or increase its burden, except by the imposition of costs in the
cases specified, as until the final confirmation of the award there can be
no default on the part of the petitioner.

Interest may not be allowed in any case unless by virtue of some contract
expressed or implied, or of some statute, or on account of default of
the party, when it is allowed as damages for the default.

(Argued January 16, 1893 ; decided January 31, 1893.)

APPEAL from order of the General Term of the Supreme
Court in the second judicial department, made September 16,
1892, which reversed an order of Special Term denying a
motion to confirm the report of commissioners in condemna-
tion proceedings and confirmed said report with interest from
the date when it should have been confirmed at Special Term.

The facts, so far as material, are stated in the opinion.

*James C. Bergen* for appellants.   The order of the General
Term of the Supreme Court confirming commissioners' report
is a final order affecting a substantial right made in a special
proceeding, and is appealable.   (*In re Ryers*, 72 N. Y. 1, 4 ;
*R. & S. R. R. Co.*, 43 id. 147 ; *In re S. B. R. R. Co.*, 128

id. 93; Code Civ. Pro. § 190; *In re City of Buffalo*, 64 N. Y. 547; *In re Mayor, etc.*, 99 id. 569.) The learned General Term was in error in touching upon the question of interest in its order of August tenth. (Code Civ. Pro. §§ 3370, 3371, 3375; *W. F. & Co.* v. *Davis*, 105 N. Y. 670; *In re N. Y. E. R. R. Co.*, 44 Hun, 117; *Burt* v. *Wigglesworth*, 117 Mass. 302; *Burt* v. *M. Ins. Co.*, 115 id. 1; *Edmunds* v. *City of Boston*, 109 id. 535; *Ross* v. *E. R. R. Co.*, 20 N. J. 230; *Wiggin* v. *City of New York*, 9 Paige, 116; *In re New Reservoir*, 1 Sheld. 408.)

*George W. Wingate* and *Charles N. Morgan* for respondents. The order of the General Term reversing the order of the Special Term and confirming the report of the commissioners of appraisal is not reviewable in this court, and the appeal should be dismissed. (*R. R. Co.* v. *Marvin*, 11 N. Y. 276; *In re D. & H. C. Co.*, 69 id. 206; *In re N. Y. C. & H. R. R. R. Co.*, 64 id. 60; *In re P. P. & C. I. R. R. Co.*, 85 id. 489; *In re M. E. R. R. Co.*, 128 id. 600; *In re K. C. E. R. Co.*, 82 id. 95; Laws of 1876, chap. 198, § 1; Laws of 1875, chap. 606, § 22.) The provision in the order of the General Term confirming the award of the commissioners, which provides that the defendants should have interest upon the amount of said award " from the day when the award should have been confirmed, together with their costs," does not make the order appealable. (*In re M. E. R. Co.*, 128 N. Y. 600.) The provision as to interest and costs, contained in the order of the General Term, was proper. (*S. C. R. R. Co.* v. *Brown*, 13 Neb. 317; *Borggeon* v. *F. E. & M. V. R. R. Co.*, 23 id. 620; *Edmands* v. *City of Boston*, 108 Mass. 535; *Kidder* v. *Oxford*, 116 id. 165; *Warren* v. *S. P. R. R. Co.*, 21 Minn. 424; *Whitacre* v. *S. P. R. R. Co.*, 24 id. 311; *In re Pigott*, L. R. [18 Ch. Div.] 146.) The General Term was correct in its decision that the report does not show any mistaken principle upon which the assessment was made, and that neither the evidence nor the report shows that the property is not worth the total of the award. (*S. P. R. R. Co.* v. *Marvin*, 11 N. Y. 276.) It was not error on

the part of the commissioners to determine and report the value of the several interests in the property in question. (Code Civ. Pro. § 3360; *Contant* v. *Catlin,* 2 Sandf. Ch. 485; *Cole* v. *U. S.,* 91 U. S. 367; *Livingston* v. *Sultzer,* 19 Hun, 376.)

EARL, J. This is a condemnation proceeding to acquire land for the New York and Brooklyn Bridge Company. Commissioners of appraisal were appointed, and the land being in the possession of tenants, it became necessary to appraise the value of the interest of the tenants as well as the interest of the fee owners. They awarded to the owners, "for the fee of said premises," the sum of $104,625, and a separate sum to each of the tenants. The award to the owners "for the fee" must be understood to be for the fee subject to the leases. The appraisers in such a case may pursue either one of two methods. They may appraise the entire value of the premises and then apportion such value among the fee owners and tenants, or they may in the first instance appraise the value of each separate interest and thus ascertain the entire value. The process in each case must obviously be substantially the same. They must in any event appraise the value of each interest separately. We cannot say which method was pursued in this case, and it does not matter. The award of the appraisers having been confirmed by the General Term is not reviewable here. Such has always been the law in this state in this class of cases, and there is nothing in the recent revision (Code of Procedure, chap. 23) of the Condemnation Law changing it. (*Railroad Co.* v. *Marvin,* 11 N. Y. 276; *Matter of N. Y. C. & Hud. River R. R. Co.,* 64 id. 60; *Matter of D. & H. Canal Co.,* 69 id. 209; *Matter of Kings Co. El. R. Co.,* 82 id. 95; *Matter of Prospect Park & Coney Island R. R. Co.,* 85 id. 489; *Matter of Board of Street Opening,* 111 id. 581; *Matter of N. Y. & Brooklyn Bridge,* 115 id. 652; *Matter of Metropolitan Elevated R. Co.,* 128 id. 600; *Matter of Board of Street Opening,* 133 id. 436.)

It is the award of the appraisers which having been confirmed is not reviewable here. The action of the General Term may be such as to be the subject of review. If it should undertake to modify an award by increasing or diminishing it, or to exercise any other jurisdiction in reference thereto not conferred upon it, its action would be reviewable here. In this case the landowners moved at Special Term for confirmation of the award. The motion was opposed by the bridge trustees, and the court refused to confirm the award, vacated it and ordered a reappraisal by new appraisers. From the order of the Special Term the land owners appealed to the General Term, and there the order of the Special Term was reversed and judgment was rendered September 16, 1892, confirming the award as to each defendant with interest from April 30, 1892, the date of the Special Term order. The appellants claim that this provision in the judgment as to interest was unauthorized and erroneous, and we are of that opinion.

Before interest can be allowed in any case it must be by virtue of some contract express or implied, or by virtue of some statute, or on account of the default of the party liable to pay, and then it is allowed as damages for the default. Here there was no contract obligation to pay interest upon the award, and there was no statute imposing or requiring its payment; and it only remains for inquiry whether the bridge trustees were in default in not paying the award on the thirtieth day of April. The court, at Special or General Term, cannot alter the award or increase its burden, except by the imposition of costs in the cases specified in the law. It may refuse to confirm the report of the appraisers, and in that event, all it can do is to set aside the report and order a new appraisal before the same or other appraisers; and the Code, section 3371, provides that "if the report is confirmed, the court shall enter a final order in the proceeding directing that compensation shall be made to the owners of the property pursuant to the determination of the commissioners, and that upon payment of such compensation the plaintiff shall be entitled to

enter into the possession of the property condemned, and take and hold it for the public use specified in the judgment." Until the final order of confirmation is made, the plaintiff cannot pay the award, and cannot take possession of the land. Until that time the land owner retains possession of his land and takes the fruits thereof. Until that time there can be no default on the part of the plaintiff, and he cannot be subjected to damages for not paying the award. The landowner should not have the possession of his land, and at the same time receive the interest on its value. In this case the fee owners received, or were entitled to receive, rents from their tenants, and they should not during the same time have interest upon the value of their property. It is doubtless an inconvenience to the land owner, sometimes causing him damage, that the condemnation proceeding may hang over his property until the final order has been entered. But that is an inconvenience, like that resulting from any litigation, for which the law affords no remedy or compensation. If he gets the value of his property at the time his title and possession are taken from him, he obtains all the compensation the Constitution guarantees to him. (*United States* v. *Engeman*, 27 Abb. New Cases, 141; *In re Pigott*, 18 Ch. Div. 146; *Edmands* v. *Boston*, 108 Mass. 535.) Interest on the award from a prior date would frequently give him more than a compensation. The only way a landowner can get interest upon the amount of the award is to enter and docket a judgment as provided in the condemnation law, and then he can collect interest upon his judgment as he could upon any other judgment. The condemnation law makes provision for interest upon the award in but one case, and that is where the plaintiff abandons the condemnation proceeding after an award, and afterward renews it. In that case he must tender or deposit the amount of the award with interest. The powers of the Supreme Court in a condemnation proceeding are statutory, and it cannot arbitrarily order the plaintiff in such a proceeding to pay interest as damages for which by no default he has become liable. It is said that the General Term may

do what the Special Term ought to have done. That is quite true. It may make the final order which the Special Term should have made. But it cannot create a default which did not exist. It cannot impose damages upon the plaintiff for which it is not legally liable. If the award had been in a condition to draw interest on the 30th day of April, then by the restoration of the award by the action of the General Term, the landowners would have been entitled to interest as if the award had been confirmed at the Special Term. Then it would have been like a verdict set aside at the Special Term and subsequently reinstated at the General Term. But the award could not draw interest until after its confirmation, and that was for the first time effected by the order of the General Term.

The order of the General Term should, therefore, be modified by striking therefrom the allowance of interest and, as thus modified, affirmed, without costs to either party in this court.

All concur.

Ordered accordingly.