SIFF v. FORBES, Treasurer.

(Supreme Court, Appellate Term.  June 22, 1903.)

1. BILLS AND NOTES—INTEREST—PROMISE TO PAY.
   In an action on a note interest cannot be allowed in the absence of any promise to pay it.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Jacob Siff against Eber Forbes, as treasurer of the Socialist Labor Party.  From a judgment for plaintiff, defendant appeals.  Modified.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Benjamin Patterson, for appellant.

Joseph Sapinsky, for respondent.

MacLEAN, J.  This action is brought upon a promissory note made and delivered by the defendant May 24, 1902, to pay the sum of $400 after date; therefore upon demand.  It was given in consideration of the surrender and cancellation of a prior note for $500 and $100 in money.  Some 11 weeks after its execution and delivery, and following, as found herein, a demand for its payment, it was assigned by the original payee to the present plaintiff, who thus acquired it after maturity, and subject to all the equities.  The plaintiff's assignor testified that he had received $150 on account of the note, $85 of which he had applied in payment of three years' interest upon the note for $100, and credited $65 upon the note for $400, leaving a balance of $335, for which the learned justice rendered judgment. Inasmuch as, before interest can be allowed in any case, it must be by virtue of some contract, express or implied, or by virtue of some statute, or as damages for the default of a party liable to pay (In re Clark, 137 N. Y. 98, 32 N. E. 1054), and as there was no promise to pay interest in either the second note or its predecessor, this was error.  The judgment must be modified by deducting the sum of $85.

Judgment modified by deducting therefrom the sum of $85, and, as modified, affirmed, without costs.  All concur.

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 276.