(68 Misc. Rep. 509.)

## In re CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. August, 1910.)

EMINENT DOMAIN (§ 71*)—EXERCISE OF POWER—COMPENSATION—INTEREST.

A statute giving a city the right to condemn land for ferry purposes is not violative of the constitutional requirement that due compensation be made for property taken, because it does not provide for payment of interest to the owner from the time of passage of the statute to the time when the award is paid, since the payment of interest is not a matter of right, but rests in the judgment of the Legislature.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 180–187; Dec. Dig. § 71.*]

In the matter of the application of the City of New York to acquire lands for ferry purposes. On motion by the city for an order appointing commissioners of estimate of lands sought to be acquired. Motion granted.

Order affirmed, 125 N. Y. Supp. 210.

Archibald R. Watson, Corp. Counsel, and George M. Curtis, Jr., Asst. Corp. Counsel, for the motion.

G. Gasper Niles (John Delahunty, John J. Kirby, and William H. Blymyer, of counsel), opposed.

KAPPER, J. In this proceeding the city of New York seeks to acquire the lands of the New York Terminal Company at the foot of Broadway, Brooklyn, for the purposes of a municipal ferry. The lands are now devoted to public uses, to wit, the uses of a ferry company; and the city moves for the appointment of condemnation commissioners under a special act, the enactment of which was necessary to enable it to acquire property already devoted to the public use.

The only objection seriously urged to the appointment of the commissioners is that the special act is unconstitutional in not providing for the addition of interest upon the award from the date of the passage of the law to the time of payment of the award. It is claimed that "due compensation" requires a provision for the payment of interest in the act itself. I think otherwise. The payment of interest is not a matter of right, but rests within the judgment of the Legislature. It is competent for the Legislature to provide a rate of interest, or no interest at all. As was said in Matter of Trustees of N. Y. & Brooklyn Bridge, 137 N. Y. 95, 98, 32 N. E. 1054, 1055:

"Before interest can be allowed in any case, it must be by virtue of some contract express or implied, or by virtue of some statute, or on account of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

125 N.Y.S.—14

default of the party liable to pay, and then it is allowed as damages for the default."

What the city shall pay for this property can only be determined after the commissioners have heard the parties upon the question of value, and the question of interest upon the award will properly come up upon the confirmation of the report. The omission from the act of a provision for interest does not affect its validity. The motion is granted.

Motion granted.