## APPROPRIATION OF LAND UNDER LEASE.

Circuit Court of Cuyahoga County.

GEORGE BATTERMAN ET AL V. CITY OF CLEVELAND.

Decided, March 20, 1911.

*Appropriation of Leasehold Interest—Separate Finding for Landlord and Tenant—Map Evidence of Possible Special Benefits—Value of Buildings.*

1. In an appropriation proceeding brought by a municipal corporation against a landlord and his tenant, each is entitled to a separate finding and a separate review of that finding.

2. A map which shows that by reason of the contemplated improvement new lines of travel past a store will be opened up, which may offset some loss of trade from the old travel, is sufficient evidence to warrant a charge that the measure of damages to property not taken may be reduced by special benefits, if any, which may be found to accrue from the improvement.

3. In an appropriation of a tenant's interest in lands, value of the buildings on the part not taken may be given in evidence, though the tenant has a right to remove them at the termination of the lease.

*Patterson & Neiding,* for plaintiff in error.
*Newton D. Baker,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The city of Cleveland began proceedings in the Insolvency Court of Cuyahoga County to appropriate certain lands for approaches to a new bridge over the Nickel Plate tracks on West 25th street in the city of Cleveland and for the assessment of damages to those injured by the improvement. The Battermans had a lease of two buildings on land owned by David Morison, abutting the improvement, and both landlord and tenant were made defendants in the action.

The jury was instructed to find separately for the landlord and his tenants, which they did, and the latter are here with a separate petition in error complaining of the award to them.

We think they were entitled to a separate finding and are properly before this court without bringing with them their landlord. *Gluck* v. *City of Baltimore,* 81 Md., 315; *Trustees, etc.,* v. *Wm. Irving Clark,* 137 N. Y., 95; *Stuffins* v. *Village of Cranston,* 11 L. R. A., 839.

The verdict in favor of the Battermans was in the sum of $800; it is claimed that the uncontradicted evidence presented to the jury required a verdict of at least $1,800.

It is true that the Battermans' witnesses testified that the damage was that much or more, but the city, while it offered no witness who gave different figures, did place in evidence a map which showed that new lines of travel past the Battermans' store would be opened up, which might offset some loss of trade from the old travel. This was sufficient evidence to warrant a charge that the measure of plaintiffs in error's damages to property not taken might be reduced by special benefits, if any were found to accrue to them from the improvement, as provided by law.

We are unable to say that the verdict was inadequate, or unsupported by the evidence. The good sense of twelve men upon this subject is not lightly to be set aside, in the absence of any showing of passion or prejudice.

There was no error in admitting evidence as to the value of the buildings, although the tenants had a right to remove them at the end of their five years' lease. Of course the measure of damages, as charged by the court, was the difference between the rental value of the premises before and after the improvement; that is, the diminution in the value of the leasehold. Value of the buildings might throw some light upon their rental value, although it would not be conclusive. We see no prejudicial error in admitting this evidence.

We are unable to say that any error intervened by the exclusion of an answer to a question asked of a witness for the Battermans, for there was no offer to prove what the witness would testify to.

Judgment affirmed.