In the Matter of the Application of the PUBLIC SERVICE COMMISSION FOR THE FIRST DISTRICT OF THE STATE OF NEW YORK, Respondent, Relative to Amending Its Application to Acquire Lands at the Foot of Montague Street in the Borough of Brooklyn.

JOHN J. PIERREPONT et al., Appellants; THE CITY OF NEW YORK, Respondent.

New York (city of) — condemnation proceeding under Rapid Transit Act — city has not absolute right to amend pending proceeding by bringing into it lands not included in first instance — when terms imposed as condition of amendment.

The city of New York has not the absolute right under the provisions of section 40 of the Rapid Transit Act to amend a pending condemnation proceeding by bringing into it any lands not included therein in the first instance. (L. 1894, ch. 752; amd. by L. 1895, ch. 519; L. 1909, ch. 498.) Hence, the Special Term of the Supreme Court has power to prescribe terms as a condition for amending the proceeding. (*Matter of Trustees of New York & Brooklyn Bridge*, 137 N. Y. 95, distinguished.)

*Matter of Public Service Commission*, 170 App. Div. 423, reversed.

(Argued January 6, 1916; decided February 1, 1916.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 19, 1915, which reversed an order of Special Term denying a motion to amend a condemnation proceeding unless the petitioner should

stipulate to comply with certain conditions prescribed by said order.

The following question was certified: " Did the Special Term of the Supreme Court have power to prescribe terms as a condition for amending the proceeding ? "

The facts, so far as material, are stated in the opinion.

*Edgar M. Cullen* for appellants. If the court had power to refuse to allow the amendment it had power to impose terms as a condition for granting it. (*Matter of Waverly W. W. Co.*, 85 N. Y. 478.)

*Lamar Hardy, Corporation Counsel* (*Charles J. Nehrbas, Terence Farley* and *Louis C. White* of counsel), for respondents. The petitioner was entitled to the amendment as matter of right, and the court at Special Term was without power to prescribe terms as a condition for amending the proceeding. (*Matter of Wilcox*, 213 N. Y. 218; *Sun Pub. Assn.* v. *Mayor, etc.*, 152 N. Y. 257; *Matter of Fowler*, 53 N. Y. 60; *Matter of City of New York*, 163 App. Div. 10; *Matter of Waverly W. W. Co.*, 85 N. Y. 478; *Matter of L. S. & M. S. R. R. Co.*, 53 Misc. Rep. 340; *Matter of Trustees of N. Y. & B. Bridge*, 137 N. Y. 95.)

WILLARD BARTLETT, Ch. J. This is a proceeding under the Rapid Transit Act (Chap. 4 of the Laws of 1891, as amended) to acquire lands for the construction of a subway. After having acquired one parcel of land belonging to the appellants the city of New York sought to acquire another additional parcel and for that purpose applied to the Supreme Court at Special Term in Kings county for an order amending the proceeding accordingly. It being made to appear to the court that the city had long since entered upon the property without right, the learned judge at Special Term denied the application unless the petitioner should stipulate to pay interest upon any award which might be made to the appellants from

the date of such unlawful entry. In the event of such stipulation being given the motion was granted. The only question presented by this appeal is whether the court had power to impose terms as a condition of permitting the desired amendment.

The Rapid Transit Act provides in section 40 (added by Laws of 1894, ch. 752, and amended by Laws of 1895, ch. 519, and Laws of 1909, ch. 498) that the commission (now the public service commission) must cause maps to be filed of each parcel of property which it may deem necessary to acquire in a proceeding of this character and provides further as follows: " The commission may from time to time make and file further maps or plans and memoranda amending those already filed, but not so as to defeat or impair any property or interest which shall have been already acquired, or to revive any interest or right which may have been already extinguished by the said city."

The learned Appellate Division has construed this provision as giving the city of New York the absolute right to amend a pending condemnation proceeding by bringing into it any lands not included therein in the first instance; thus compelling the courts and the landowners to submit the question of compensation to commissioners already selected, perhaps by a different judge and without affording any opportunity to the judge to pass upon their personal fitness or to the landowners to be heard in reference thereto.

If such were the necessary construction of this portion of the statute it would be unconstitutional. " When the law provides for ascertaining the compensation to be made by commissioners, section 7 (of article 1) of the Constitution requires that the commissioners shall be appointed by a court of record. In making this appointment, the court is to exercise its judgment in the selection and appointment of such persons as will best secure and protect all the rights and interests of the parties and insure

a just determination of the questions upon which they are to pass. To secure this, the appointment must not only in form be made by the court, but it must be its independent untrammeled act in the exercise of judicial responsibility." (*Menges* v. *City of Albany*, 56 N. Y. 374, 377; and see *Hilton* v. *Bender*, 69 N. Y. 76, 86.) If by amendment in such a case as this the petitioner can perforce send the question of the landowner's compensation for the added parcel or parcels of property before commissioners previously appointed, and perhaps by a court differently-constituted, there will have been no independent, untrammeled exercise of judicial responsibility in selecting those who are to determine the value of the added land. Of this the property owner cannot be deprived. It can be secured to him by instituting a new condemnation proceeding in respect to the omitted parcel and, if he sees fit to insist upon it, that course must be pursued by the public service commission.

If, on the other hand, he is willing that the omitted property be brought into the pending proceeding on such terms as may be just, his consent to that effect submits the whole question of amendment to the judicial discretion of the court which is asked to allow the amendment. As in other cases generally, in which an amendment of the proceedings is desired, but is not a matter of strict right, the court may impose reasonable terms as a condition of granting the relief sought.

It may be added that this conclusion affords ample protection to the rights of both parties in the present proceeding. If the city is dissatisfied with the terms it may reject them and institute a separate proceeding. If it is willing to accept them on account of the convenience of dealing with all the parcels of property at once, it is merely called upon to put the appellants in a position where they will suffer nothing by reason of the acts of the city with reference to their land. The payment necessary to accomplish this, though measured by interest on the

value of the land, was not claimed or allowed as interest upon the award as a matter of strict legal right; hence, *Matter of the Trustees of New York & Brooklyn Bridge* (137 N. Y. 95) has no application to the facts of the present case.

The order of the Appellate Division should be reversed, with costs, and that of Special Term affirmed, and the question certified answered in the affirmative.

HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur; CARDOZO, J., concurs in result; SEABURY, J., dissents upon opinion of STAPLETON, J., below.

Ordered accordingly.