The Dwelle-Kaiser Co., Plaintiff, *v.* The County of Niagara et al., Defendants.

(*County Court, Niagara County, May, 1918.*)

Contracts — municipal corporations — supervisors of Niagara county — liens — default — Lien Law, §§ 12, 25.

Where the board of supervisors of Niagara county entered into a contract for the erection of a county clerk's office, the filing of a notice of lien for work done and materials furnished with the clerk of the board of supervisors and the county treasurer is sufficient under section 12 of the Lien Law.

A notice of lien for work done and materials furnished under said contract was filed with the clerk of the board of supervisors and the county treasurer; within an hour another lien was filed and on the same day a copy thereof was served upon the chairman of the board of supervisors and on the following day the first lienor served a copy of its notice of lien on said chairman. *Held,* that under the provision of section 25 of the Lien Law that persons having liens "shall have priority according to the date of filing their respective liens" the lien first filed was entitled to priority.

Default having been made by the contractor, no contract on the part of the county to pay interest could be implied and a claim therefor should be disallowed.

Action to enforce lien under a contract for a public improvement.

Montford C. Holley, for plaintiff, lienor.

Raines & Raines, for lienor James C. Barry Company.

George M. Tuttle, for county of Niagara.

Fish, J. Manion Brothers entered into a contract with the county of Niagara for the erection of a county

clerk's office; but failed to fully complete the same. The county of Niagara thereupon partially completed the contract and an accounting was had in this action as to the cost of such partial completion and the additional cost of full completion and after allowing for such cost and additional cost I find that there is due Manion Brothers under the contract the sum of $681.46. The Dwelle-Kaiser Company and the James C. Barry Company having performed and furnished labor and materials to Manion Brothers for the construction of such building, each filed a notice of lien for the principal and interest of the agreed price of the labor and materials respectively performed and furnished by each. The Dwelle-Kaiser Company filed its notice of lien with the clerk of the board of supervisors and treasurer of the county, April 2, 1915, and about one hour later the Barry Company likewise filed its notice of lien and also on the same day served a copy thereof upon the chairman of the board of supervisors and the Dwelle-Kaiser Company served a copy of its notice of lien on such chairman on the following day.

The statute provides (Lien Law, § 12) that the person performing work, etc., '' may file a notice of lien with the head of the department or bureau having charge of such construction and with  *  *  *  the financial officer of the municipal corporation.''

A county is a municipal corporation (County Law, § 3) and the treasurer thereof is its financial officer, therefore both parties filed their notices of lien with the treasurer and the plaintiff claims that the lien attaches when the notice is filed with the financial officer, quoting some expressions in Ray on Mechanics Liens (1914), page 386, to support its contention, but section 5 of the Lien Law provides that a person performing work, etc., '' shall have a lien  *  *  * upon filing a notice of lien as prescribed in this article;''

section 12 above quoted from prescribes how a notice of lien should be filed and it would seem that there is no lien until it is so filed, that is, both with the head of the department having charge of the construction and with the financial officer of the municipal corporation and that when a notice of lien is filed with both officers then and then only is there a lien. I do not think section 23 of the Lien Law would authorize the court to dispense with the filing of the notice with either of these officers (*Mahley* v. *German Bank*, 174 N. Y. 499) or to say that a notice was filed as required by statute when filed with the financial officer. I find it, however, unnecessary to determine this question, for if filing with the clerk was a sufficient filing with the head of the department having charge of the construction, then the plaintiff's lien was first filed with both officers.

The board of supervisors entered into the contract for and had charge of the erection of this building; under the County Law there is a chairman and a clerk of the board (§ 10) and one of the duties of the clerk is that he shall " Keep the books and papers of the board open to public inspection without charge " (§ 50).

The official office of the board in this county is the office of the clerk and it is the clerk, not the chairman, who by statute is required to keep the papers of the board and the statute does not require service upon the head of the department but provides for the filing of the notice with the head of the department and in my opinion the filing of plaintiff's notice of lien with the clerk and treasurer was sufficient, in view of the express provisions of section 23 to the effect that the statute is to be construed liberally, to secure the beneficial interests and purposes thereof and that a substantial compliance with its provisions shall be suffi-

cient for the validity of the lien. *Bell* v. *City of New York,* 105 N. Y. 139; *Hawkins* v. *Mapes-Reeves Construction Co.,* 178 id. 236.

I therefore reach the conclusion that the plaintiff's notice of lien was duly filed on April 2, 1915, about one hour prior to that of the Barry Company; but it is the claim of the Barry Company that both liens having been filed on the same day the law recognizes no parts of a day and that the liens are equal. The Lien Law provides with reference to public improvement liens that the persons having liens " shall have priority according to the date of filing their respective liens " (§ 25) and there is a similar provision in respect to mechanics' liens (§ 13) in which exactly the same language is used. I am of the opinion that the word " date " as used in said sections 25 and 13 is synonymous with the word " time " and that both mechanics and public improvement liens filed on the same day have priority according to the time of filing. In the American and English Encyclopaedia of Law (2d ed., p. 772), date is defined as " the date of a writing is that part which purports to specify the time when it was executed; " and in Funk & Wagnalls' New Standard Dictionary the first and second definitions are (1) " that part of a writing or inscription which tell when, or when and where it was done," (2) " the time assigned for some event past or in the future." Mortgages take preference according to the time of their recording (Real Prop. Law, § 291); judgments are a lien upon real property and chattels real from the time of filing the judgment roll (Code Civ. Pro. § 1215); executions bind personal property from the time of delivery to the sheriff. Code Civ. Pro. § 1405. In these three cases it is the time, not the day, which governs and fractions of a day will be inquired into to determine preferences. *Lemon* v. *Staats,* 1 Cow. 592; *Clute* v. *Clute,* 4 Den. 241.

By section 13 of the Lien Law a mechanic's lien has priority over conveyances, judgments, etc., not recorded, docketed or filed " at the time of the filing of the notice of such lien;" by section 3 a mechanic's lien attaches " from the time of filing a notice of such lien," and by section 5 a public improvement lien attaches " upon filing a notice of lien."

By section 4 a mechanic's lien extends to the owner's interests in the real property " at the time of filing the notice of lien."

The claim for interest against the county for the amount found due by it to the contractor should not be allowed. The principal on which interest is allowed is set forth in *Matter of Trustees of New York & Brooklyn Bridge,* 137 N. Y. 98, as follows: " Before interest can be allowed in any case it must be by virtue of some contract express or implied, or by virtue of some statute, or on account of the default of the party liable to pay, and then it is allowed as damages for the default." There was no express contract here nor does any statute aid the lienor. There was no default on the part of the county, indeed the default was on the part of the contractor and an implied contract to pay interest should not be found under the circumstances in this case.

I find that the plaintiff has a first lien upon said sum of $681.46 for the sum of $263.08, and that the defendant James C. Barry Company a second lien thereon for the sum of $718.85. The plaintiff is entitled to judgment establishing his lien with costs to plaintiff to be taxed as a first lien and directing payment thereof from said sum; also establishing the lien of the Barry Company with costs to be taxed as a second lien and directing payment of the balance of the sum found due thereon.

Ordered accordingly.