In the Matter of the Application of COUNTY OF WESTCHESTER, by WESTCHESTER COUNTY PARK COMMISSION, Organized and Existing under and in Pursuance of Chapter 292 of the Laws of 1922 of the State of New York and the Acts Amendatory Thereof and Supplemental Thereto, Plaintiff, to Acquire Title to Lands of JOHN A. MILLER and Others, Defendants.

Supreme Court, Westchester County, June 25, 1934.

*Millard & Fitzgerald,* for the defendant Pearl Miller.

*J. Lester Fierman* [*Lester D. Stickles* of counsel], for the defendant John A. Miller.

CLOSE, J. This is a motion by the applicant for (a) confirmation of the commissioners' report in condemnation, (b) to fix the compensation of the commissioners, and (c) asking the court to offset against the interest provided for by statute upon the award the value of the use and occupation of the premises.

It appears that the defendant owners have occupied the premises since the date of taking, namely, March 26, 1928, without paying any rent. The defendants do not oppose the confirmation but do

oppose the allowance by this court of any sum for use and occupation upon the ground that the court is without power in this proceeding to fix such sum. Interest upon the amount of the award is provided for by statute (Laws of 1922, chap. 292, § 6).

I am of the opinion that the defendants are liable for the use and occupation of the premises but this court is without power to fix such value in this proceeding. Under the statute title vests in the county upon the filing of the commissioners' oath (Laws of 1922, chap. 292, § 6). It seems clear to me that thereafter the occupants became tenants at will. As previously stated, the allowance of interest here does not lie in the discretion or judgment of the commissioners but is fixed by statute. The applicant has cited several authorities in support of its contention that the value of the use and occupation is equal to the interest due upon the award (citing, among other cases, *Matter of Mayor*, 40 App. Div. 281; *Matter of Trustees, etc.*, 137 N. Y. 95; *Matter of Riverside Park*, 59 App. Div. 603).

The authorities cited, however, must be examined in the light of the statute under which the commissioners acted. In *Matter of Mayor* (40 App. Div. 281) the statute provides that the commissioners were " to make a just and equitable estimate of the loss and damage to the respective owners." The commissioners' report states in substance that they have valued the premises as of a date some four years prior to the making of the award; that they have determined the amount of taxes since imposed and that they also determined the use, possession and occupation of the premises by the owners and whether such use, possession and occupation was valuable or unproductive, and that they added to the award the interest thereon and the taxes and assessments, whereupon the court held that inasmuch as interest had been allowed by the commissioners as an element of damage that it was fair and reasonable to offset the value of the use and occupation. It is apparent from a study of the opinion and the report of the commissioners that interest was allowed upon the award upon the theory of just compensation and as part of the damages. Under the instant statute, as has already been pointed out, title vested in the county upon the filing of the commissioners' oath and interest on the award is compulsory and not a matter of discretion or an element of damage. In *Matter of Trustees, etc.* (137 N. Y. 95) the Court of Appeals specifically states: " Here there was no contract or obligation to pay interest upon the award, and there was no statute imposing or requiring its payment. * * * The court, at Special or General Term, cannot alter the award or increase its burden, except by the imposition of costs in

the cases specified in the law. It may refuse to confirm the report of the appraisers, and in that event, all it can do is to set aside the report and order a new appraisal before the same or other appraisers." (See p. 98.)

It is unnecessary to discuss the statute involved in each case cited, but it is sufficient to state that in none of the cases called to my attention did the statute provide for the payment of interest on the award. The following quotation from *Matter of Minzesheimer* (144 App. Div. 576; affd., *sub nom. Matter of Minzesheimer* v. *Prendergast*, 204 N. Y. 272) expresses the reasoning which lies back of the rule adopted in the cases cited by the applicant: " Nor is it to be questioned that the commissioners of estimate and assessment in fixing the damages to be paid by way of compensation to an abutting owner whose street easements have been destroyed should award not only the value of these easements when legally taken, but also interest thereon down to the date of the report (*Matter of City of New York* [*E. 178th St.*], 107 App. Div. 22; affd. on opinion below, 183 N. Y. 571), but such interest forms a part of the compensation or damages and should be awarded as such. It is not necessary, therefore, that it should be separately stated as interest. This obligation to include an allowance as for interest in the award does not rest upon anything in the Street Closing Act, which is silent upon the subject, but upon the constitutional requirement that *due* compensation must be made. In this respect the statute differs from section 992 of the Consolidation Act (as amended) which plainly contemplates that, in cases in which title vests in the city before the confirmation of the report, the commissioners shall appraise the damages as of the date when title vested, interest being paid thereon from such date by virtue of the statute, and not because included in the estimate of damage." (See p. 579.)

It is conceded that in this proceeding the commissioners have not tried the question of rental value and it is at least debatable whether they would have such power or not. In *Matter of Dorsett* (179 N. Y. 496) the court had under consideration a statute containing a similar provision for interest as that contained in the present statute. There, as here, the court pointed out the statute limited the commissioners to finding the value of the land, saying: " The duty of the commissioners was simply to ascertain and report the value of the land. They had nothing to do with the question of interest, since the statute took care of that by declaring that it should be computed from a certain date."

The applicant has mistaken his remedy. It has an action for the value of the use and occupation of the premises. Upon a

trial of the action, proof can be offered as to the value of such use and occupation of it by the former owners.

Motion to confirm the award is granted, with costs and an additional allowance of five per cent to the owners. The fees of the commissioners in condemnation are fixed and allowed as follows: Ray W. Aylesworth, $2,500; Abraham Shapiro, $2,525, and William C. Olsen, $2,525. Order fixing fees of commissioners of appraisal signed.

Settle order confirming award upon notice.