## (January 14, 1938.)

WILLIAM E. WOOLLARD, Appellant, v. SCHAFFER STORES COMPANY, INC., Respondent, and Another, Defendant.

Appeal by the plaintiff from an order of the Supreme Court, entered in the Albany county clerk's office on May 19, 1937.

Respondent heretofore appealed from a judgment of about $6,400 which had been recovered against it, and requested this appellant to waive the filing of an undertaking to stay execution, and offered in lieu thereof to leave with appellant a certified check for the sum mentioned, payable to appellant. The appellant cashed the check and kept the proceeds in a safe deposit box. The Court of Appeals reduced the judgment. The amount thereof was paid by the respondent. The Special Term decided that the cashing of the check was a conversion of the fund and directed the payment of the deposit, with interest. The order should be modified by striking therefrom the provision as to interest. _ .

Order modified by striking therefrom the following words: "with interest thereon from the 24th day of October, 1935, to March 8, 1937 in the amount of Five Hundred Twenty-eight Dollars ($528.00)," and as so modified affirmed, with ten dollars costs and disbursements to the appellant.

Hill, P. J., Rhodes and Heffernan, JJ., concur; McNamee and Crapser, JJ., dissent and vote to affirm, with a memorandum.

McNAMEE and CRAPSER, JJ. (dissenting). This is an appeal from that part of an order of an Albany Special Term which directs the plaintiff to pay to the defendant, Schaffer Stores Company, Inc., the sum of $528 as interest.

The plaintiff-appellant in the action in Albany county had secured a judgment against the defendant-respondent amounting to $6,301.18. The respondent appealed to the Appellate Division, and desired a stay of execution upon the judgment. For that purpose and pursuant to the terms of a written agreement therefor, defendant deposited with plaintiff, the plaintiff-appellant, its certified check for $6,400 made payable to Harry Schaffer and indorsed by Harry Schaffer to plaintiff, " the same to be held " by plaintiff as security for the payment of said judgment appealed from, in lieu of the usual undertaking on appeal. If the judgment appealed from was affirmed and said $6,400 was not sufficient to pay the judgment and interest accrued, said check of $6,400 should be applied on the amount due and defendant, Schaffer Stores Company, Inc., should remain liable for the balance.

Plaintiff kept the certified check in his safe in his office until the 23d day of October, 1935, when he deposited the same in one of his accounts in the First Trust Company of Albany, and took credit therefor.

Under the stipulation the certified check was deposited with plaintiff to be held as security for the payment of the judgment appealed from and it was the intention of the parties that the check should be held by the plaintiff until the termination of the appeal. Plaintiff in depositing the check in his own bank account and disposing of the proceeds contrary to the stipulation was guilty of breaching the agreement by which he had the check. His act also amounted to a technical conversion and rendered him liable to interest which had been awarded against him by the order appealed from. (*Laverty* v. *Snethen*, 68 N. Y. 522; *Scott* v. *Rogers*, 31 id. 676; *Comstock* v. *Hier*, 73 id. 269.)

Interest is allowed by virtue of contract, statute or by way of damages on account of default by a party liable to pay money. (*Matter of Trustees of New York & Brooklyn Bridge*, 137 N. Y. 95, 98.)

It is allowed as a matter of right in conversion. (*Andrews* v. *Durant*, 18 N. Y. 496; *Wilson* v. *City of Troy*, 135 id. 96; *Thayer* v. *Manley*, 73 id. 305.)