John J. Walsh, J.
This court is in receipt of the report of the Commissioners of Appraisal in the above-entitled proceeding. The defendant, Josephine Ruffini moves to confirm the report and the plaintiff cross-moves to set aside the report, and for a rehearing before the same Commissioners or a new commission appointed for the purpose of ascertaining the compensation which should be paid to the defendants.
On April 26, 1962, a petition was served upon the defendant, Josephine Ruffini for condemnation of the property located at 522-524 Whitesiboro Street, Utica, New York, to complete project N. Y. S. 90.
On June 25,1962 Commissioners of Appraisal were appointed by this court to establish the value of the property. This commission consisted of former Justice Walter Dowling and attorneys William J. Halpin and Francis P. Finnegan.
The hearings were conducted before this commission over a period' of many months, apparently caused by sharp disagreement between the litigants as to matters of law and procedure. *459 Many of these required referral to this court for decision. The" delay is not, therefore, due to any action of the Commissioners, but must be attributable to the litigants themselves.
On April 26, 1964, the Commissioners filed with this court their report. The commission unanimously awarded the sum of $42,709.93 as damages sustained by the defendants by reason of the condemnation. By a divided vote (Commissioner Dowling, dissenting) the commission awarded a further sum of $3,165.28 which sum represents interest computed at the rate of 4% of the amount of $42,709.93 for the period from June 15, 1962 thru April 22, 1964, the date of presentment of the Commissioners’ Report to the County Court.
The Commissioners also allowed to the resident owner the sum of $300 and the resident tenant the sum of $200 to cover expenses in moving household furniture.
Neither the plaintiff nor defendants have voiced any objection to the basic award of $42,710 for the property taken. Where the award made is within the limits and scope of the expert testimony, it must be confirmed, unless there is shown to have been misconduct or palpable mistake on the part of the Commissioners which result in harm to an interested party. (Municipal Housing Auth. v. Adels, 116 N. Y. S. 2d 707.)
The plaintiff objects to that portion of the award concurred in by a majority of the Commissioners which seeks to give to the defendants the specific sum of $3,165.28 as interest.
The plaintiff also objects to that portion of the award which allows moving costs.
The sum of $3,165.28 represents interest by way of damages sustained by Mrs. Ruffini. The report indicates that the Commissioners awarded this sum to compensate Mrs. Ruffini for damages which she sustained by reason of the judgment of the Oneida County Court which was entered on June 15, 1962, which judgment, in effect, stated: ‘ ‘ Municipal Housing Authority be, and it hereby is, declared to be entitled to take and hold the property hereinabove referred to (parcel 83), upon making compensation to the owners therefor.”
The Commissioners reasoned that: “ The force of the judgment was such that title to the subject property was subject to divestment and encumbrance not had upon that title prior to the making of the judgment ” (p. 21).
Further, in the report, the Commissioners stated: “ We find the power of divestment as contained in the judgment of the Oneida County Court dated June 15, 1962, to be a compensable damage to the owner to be ascertained as an item of compensation pursuant to the powers given this Commission in the *460 Oneida County Court Judgment and Condemnation Law, Section 14.”
The defendants remained in possession of the property during the entire proceeding before the Commissioners. There is no evidence that the plaintiff ever applied for possession under section 125 of the Public Housing Law.
Article 7 of the Public Housing Law specifically authorizes the Municipal Housing Authority to acquire property by condemnation ; and to exercise such power pursuant to the provisions of the Condemnation Law of the State of New York. (Public Housing Law, § 3, subd. 2; § 125, subd. 2.)
Possession of the property sought to be condemned may also be given to the Authority, upon proper showing, at any time or stage of proceedings. (Public Housing Law, § 125, subd. 2.)
The majority report of the two concurring Commissioners states:
“ We would award the sum of $3,165.28 as the compensable damage sustained by reason of the effect of the Oneida County Court judgment dated June 15, 1962, to be computed as 4 per cent of the amount of $42,709.93, the value as of April 1, 1962, of the subject property determined by these Commissioners, for the period June 15, 1962, the date the Oneida County judgment affecting this property was filed, to April 22, 1964, the date of presentment of this report to the Oneida County Court.”
The reasoning of the majority of the Commissioners was to the effect that the entry of judgment in the Oneida County Clerk’s office by the plaintiff in June, 1962, gave plaintiff a defeasible title. Commissioner Dowling pointed out in his dissenting opinion that interest cannot be awarded where the condemning authority does not have possession.
The defendants contend that their continued possession during the course of the proceedings before the Commissioners was precarious, liable to be terminated at any time by the action of the authority and that they could not rent the property or enjoy the fruits thereof.
However logical this argument may be, or how compelling it is upon the conscience of a court, it cannot find either statutory or decisional support.
The Court of Appeals has held that there is no power to award interest in a condemnation proceeding. In Matter of New York Brooklyn Bridge (Clark) (137 N. Y. 95, 99) the court said:
“ Until the final order of confirmation is made, the plaintiff cannot pay the award, and cannot take possession of the land. *461 Until that time, the land owner retains possession of his land and takes the fruits thereof. Until that time there can be no default on the part of the plaintiff, and he cannot be subjected to damages for not paying the award. The landowner should not have the possession of his land, and at the same time receive the interest on its value. In this case the fee owners received, or were entitled to receive, rents from their tenants, and they should not during the same time have interest upon the value of their property. It is doubtless an inconvenience to the land owner, sometimes causing him damage, that the condemnation proceedings may hang over his property until the final order has been entered. But that is an inconvenience, like that resulting from any litigation, for which the law affords no remedy or compensation. If he gets the value of his property at the time his title and possession are taken from him, he obtains all the compensation the Constitution guarantees to him. * * * Interest on the award from a prior date would frequently give him more than a compensation. The only way a landowner can get interest upon the amount of the award is to enter and docket a judgment as provided in the condemnation law, and then he can collect interest upon his judgment as he could upon any other judgment. * * * The powers of the Supreme Court * * * are statutory, and it cannot arbitrarily order the plaintiff in such a proceeding to pay interest as damages for which by no default he has become liable.”
"While it is true that in this case, the Court of Appeals ruled there was no power in an appellate court to add interest to an award in the absence of default, certainly if the court does not possess such power, the Commissioners of Appraisal are likewise without such authority.
Since this court cannot alter or modify an award, the remaining question is what disposition is to be made here. In Matter of New York Brooklyn Bridge (Clark) (supra, p. 98) the court said:
“ Here there was no contract or obligation to pay interest upon the award, and there was no statute imposing or requiring its payment * * * The court, at Special or General Term, cannot alter the award or increase its burden, except by the imposition of costs in the cases specified in the law. It may refuse to confirm the report of the appraisers, and in that event, all it can do is to set aside the report and order a new appraisal before the same or other appraisers ”.
This court cannot justify the appointment of new appraisers since this would require new hearings and additional expense *462 in a matter which has already consumed too much time and too much expense. The matter will be remitted to the same Commissioners for a corrected report.
For the benefit of the litigants, this court will advise all parties that the allowances to the owner and the tenants made in the report seem to be justified by the provisions of section 14 of the Condemnation Law.
The motion to confirm the report of the Commissioners is denied upon a matter of law, and the cross motion to remit the proceedings to the same Commissioners is granted. The commission is directed to meet forthwith and prepare and submit to this court a report in accordance with this opinion.