HOUSING AUTHORITY OF THE CITY OF HOBOKEN, NEW JERSEY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF, v. MIRIAM KRAMER SEGAL, AND GEZA SEGAL, HER HUSBAND; AND THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, NEW JERSEY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

HOUSING AUTHORITY OF THE CITY OF HOBOKEN, NEW JERSEY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF, v. MIRIAM KRAMER SEGAL, AND GEZA SEGAL, HER HUSBAND; AND THE MAYOR AND COUNCIL OF THE CITY OF HOBOKEN, NEW JERSEY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided November 20, 1969.

*Mr. Samuel J. Davidson* appeared for plaintiff Housing Authority of the City of Hoboken.

*Mr. Michael A. Cerreto* appeared for defendants Miriam Kramer Segal and Geza Segal, her husband (*Mr. Leo Rosenblum*, attorney).

ARTASERSE, A. J. S. C. The Housing Authority of Hoboken appealed from the awards made by the duly appointed condemnation commissioners. The question of the value of the various parcels of property was submitted to the jury and it returned four separate verdicts, one for each of the parcels involved. This court then proceeded to compute and award interest on each of the verdicts. *State By & Through v. Nordstrom*, 54 *N. J.* 50 (1969). Partial final judgments thereon have been entered in each cause of action.

Counsel for the property owners also sought to have the Housing Authority assume the taxes assessed on these parcels, from the declaration of blight on September 20, 1967. Responsibility for the payment of such taxes under the circumstances is the issue to be resolved. Both sides submitted briefs and waived oral argument.

Evidence adduced at the trial indicated that the Housing Authority's appraiser examined the subject properties several years prior to the declaration of blight for the purpose of evaluation, specifically in 1964 and again in 1965 and in 1966. It was also shown that the owners were made aware of the intended condemnation in 1964 and that the project was imminent. Evidence further indicated that at various times since 1962 articles had appeared in local newspapers indicating that the area in which the subject properties were located was being considered for a project. On September 20, 1967 the City of Hoboken declared the area in which the said parcels were located to be a "blighted area." The complaint herein was filed on October 14, 1968, and a declaration of taking and deposit into court was made on April 17, 1969.

The present case appears to be one of first instance in New Jersey. Our State Constitution guarantees that a property owner shall receive just compensation when his property is taken by eminent domain. *N. J. Const., Art.* I, *par.* 20. At the trial of these appeals defendant owners contended that because the taking of the premises by the Housing Authority was imminent, they were unable to rent the subject buildings. Pursuant to *R.* 4:39–2 the court submitted to the jury a specific interrogatory on this question and the jury found this to be a fact. The jury thus decided that for all intents and purposes the subject properties were rendered incapable of producing any income and profit for the property owner by the imminent action of the Housing Authority. This determination by the jury was a finding of a constructive taking or appropriation of the properties by the Housing Authority as of September 20,

1967. Despite the fact that counsel for the Housing Authority now contends that this issue was barred by the pretrial order, nontheless, it was litigated at trial and the pretrial order should thereby be amended accordingly. *R.* 4:9-2.

In *In re Elmwood Park Project, Section I, Group B*, 376 *Mich.* 311, 136 *N. W. 2d* 896 (Sup. Ct. 1965) the date of taking by the condemning authority was in dispute. After determining that this was a question of fact to be determined by the jury, the court further stated that the property owner would be entitled to all expenses from the date of taking, such as water, light, insurance and taxes less credit for the rents received.

*In re Mayor, etc. of City of New York*, 40 *App. Div.* 281, 58 *N. Y. S.* 58 (App. Div. 1899), was a condemnation case factually similar to those before the court herein. In that case the appropriation of the property occurred more than four years before the final award was made and the court said:

> * * * It is equally clear that, at the time of the actual appropriation of the property by the city, the owners were entitled to be relieved of all burdens incident to their ownership. Certainly it would not be "just compensation" to take a man's land, and compel him to pay the taxes and assessments thereafter levied on the property, while at the same time withholding the purchase price. * * *. Upon the city's theory, therefore, the owner must not alone be deprived of the unrestricted use of his property and of the ad interim use of his money, but he must also be compelled to pay for its police protection, and for public improvements charged against it as a benefit, during all the period of delay, for which he is in no way responsible, and which he is powerless to shorten. It will be seen that, if this theory be correct, the owner's award would be constantly diminished by each year's delay, until, if the period were long enough, it would be entirely wiped out. It can hardly be contended that a theory which, logically followed out, would under any possible circumstances produce such a result, affords a satisfactory basis for an award of "just compensation." [58 *N. Y. S.*, at 61]

The law and logic of *In re Mayor, etc. of City of New York, supra*, was cited with approval in *In re Mayor, etc.*

*of the City of New York,* 59 *App. Div.* 603, 69 *N. Y. S.* 742 (App. Div. 1901), affirmed 167 *N. Y.* 627, 60 *N. E.* 1116 *(New York Ct. of App.* 1901). The court said:

"* * *. We conceive the proper rule in this case to be that interest and taxes are to be added to the award, but as an offset a deduction may be made of rentals actually received by the owner, or, where rentals have not been received, of the value of the use and occupation of the premises from the date of the appropriation of the property to the time of the award. As these subjects of deduction are in the nature of offsets, we are of the opinion that the burden is upon the city to show what amounts should be allowed by way of deduction. * * *." [69 *N. Y. S.,* at 744]

See also *Annotation, "Taxes–Eminent Domain",* 45 *A. L. R.* 2d 522, 538, 539 (1956); *Buckout v. City of New York,* 176 *N. Y.* 363, 68 *N. E.* 659 (Ct. App. 1903); *Westchester County v. Miller,* 152 *Misc.* 104, 273 *N. Y. S.* 930 (Sup. Ct. 1934); *Fishel v. City and County of Denver,* 106 *Col.* 576, 108 *p. 2d,* 236 (Sup. Ct. 1940); *Public Utility Dist. No. I of Douglas County v. Washington Water Power Co.,* 20 *Wash.* 2d 384, 147 *p. 2d* 923 (Sup. Ct. 1944). In the present cases, the premises were boarded up and the owners did not have any use and occupation of the same, at least since the declaration of blight on September 20, 1967.

This court determines that the proper and just rule to be applied is that which is stated in the cases cited, *supra.* The property owner is entitled to just compensation for the property taken by the condemning authority. The jury has determined that the subject properties were unoccupied and remained so because of the imminency of the condemnation action by the Authority. In effect, the jury determined that the property was taken by the Housing Authority as of the date of the declaration of blight. It would be inequitable to allow a condemning authority by its action or inaction and by the imminency of its future actions to render property virtually useless to its owner in the sense that it can no longer produce rent or profit, and at the same time compel the owner to pay the taxes levied against said property.

Accordingly, this court determines that plaintiff Housing Authority of Hoboken is responsible for the payment of taxes assessed against said properties from September 20, 1967. Inasmuch as the owners have paid part of said taxes, they shall be reimbursed for the same plus interest at 6 per cent from the date of payment to the date of entry of the judgment herein.

If the parties cannot agree on the amounts of said taxes and interest thereon, the court will determine same upon application.