■ Esso Standard Oil Company, Appellant, v. State of New York, Respondent. (Claim No. 34039.) — Appeal from a judgment entered on a decision rendered after trial in the Court of Claims. Claimant Esso Standard Oil was the lessee under a 20-year lease of land in Gouverneur, a portion of which was appropriated by the State for highway purposes. The leased premises were used as a gasoline station. Although only a part of the leasehold was appropriated, it is not disputed that the part taken was so located that it was impractical to use the remainder for a gasoline station and the Court of Claims has found that there was "not sufficient land remaining" for ingress and egress of users of the gasoline station. Claimant exercised its right under the lease to cancel it as a result of such public appropriation. The unexpired term of the lease at the time of appropriation was 16½ years. The Court of Claims found the claimant-lessee's damage resulting from the appropriation was $12,000 and the adequacy of the award is the issue of this appeal. The measure of damage for the appropriation of a leasehold is the impairment of the market value of the lease, which is tested by comparing the value of the lease before and after the appropriation. (*Matter of City of New York* [*Delancey St.*], 120 App. Div. 700; *Matter of City of New York* [*Wetmore*], 272 App. Div. 826; *Syracuse Grade Crossing Comm.* v. *Delaware, Lackawanna & Western R. R.*, 197 Misc. 192, 201, 202; cf. *Matter of Trustees of New York Brooklyn Bridge*, 137 N. Y. 95.) Since there seems no dispute about the point that the value of the leasehold for the purposes of the lease was substantially destroyed by the appropriation, claimant's damage should be the fair value of the leasehold under a lease which had 16½ years to run. On entering into the lease, the claimant erected a gasoline station and installed equipment at a cost of $24,700 for the building and $4,500 for the equipment. Under the lease the building was to revert to the lessor at the termination of the lease. The detachable equipment has been largely salvaged. It seems evident that although the actual expenditure by claimant in the economic exploitation of the leasehold is not controlling on the value of the leasehold, it is of significance. This expenditure by the tenant for the purpose of the lease, alone greatly exceeds the total award of $12,000. One of claimant's experts valued the lease at $20,250 and added to this the "value of the building" at $20,950, making in his opinion a total of $41,200 damage to the claimant. Since, to the claimant, the "value of the building" was its use during the lease, its total value is an element which reflects itself fully in the value of the leasehold. There is other proof for claimant of the potential increase in sales of fuel and other motor products due to the favorable location of the leasehold for this purpose which should be reflected in the claimant's damage. The State's expert witness testified the lease had no value; but that the "value" of the "gasoline station" was $13,450 and the appropriation had damaged it 90%, in the sum of $12,100. This measure seems singularly low in the light both of the actual cost of the gas station installation and the economic potential of the site. We conclude that

the market value of the appropriated portion of the leasehold was $17,500. We find no substantial proof of damage resulting to the leasehold from the temporary easement which is embraced in the claim. The rule, as the State argues, is that the measure of the State's liability is the total diminution in value of the freehold due to the appropriation, and that this includes damage of both lessor and lessee. But where one element of damage affecting a substantial and separate property right is inadequate and the State has not appealed or brought the owner of the other element into the appeal and the judgment as to that owner has become final, the demonstrated inadequacy as to a separate property right affected by the appropriation may be corrected even if the result is an increase in the total award for the property. Judgment modified, on the law and the facts, by increasing claimant-appellant's award to $17,500 and as thus modified, affirmed, with costs to appellant. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.