Keating, J.
 

 Cooney Brothers, Inc. (hereinafter Cooney), a gravel manufacturer, leased two adjacent parcels of land upon which it installed heavy equipment and engaged in the production of sand and gravel until the State, pursuant to section 30 of the Highway Law, appropriated approximately 26 acres from one of the leased parcels to construct an intrastate artery. As a result of this taking the claimant could not feasibly continue to use the leased property for gravel operations.
 

 The 26 acres appropriated by the State ran in a continuous strip which divided the claimant’s property. The taking deprived the claimant of access from the part of the property used for mining purposes to the part used for manufacturing purposes.
 

 The appropriation forced Cooney to remove its operations, including all its equipment, to a new location three miles away from the old plant site. The alleged cost of moving the fixtures was $451,000. The Court of Claims awarded $286,955 in damages for the value of all the fixtures owned by the claimant located on the property. No award was made, however, for a fixture leased by the claimant from a corporation in which it held a majority interest because this corporation was not a party to the action. In addition, the Court of Claims disallowed any claim for damage to the claimant’s leasehold interests.
 

 On this appeal the State argues that the claimant’s recovery should be limited to $3,000, the statutory limitation for moving expenses provided by subdivision 13-b of section 30 of the Highway Law, because all the fixtures were removed to a new location after the appropriation. The claimant cross-appealed and seeks to recover for the fixture owned by the other corporation which was used in its operation and in which it held a majority interest and also for damages for loss of its leasehold interest. It is convenient to deal first with these last two issues.
 

 Cooney contends that it should have received an award for a primary crusher located on an adjacent leasehold, no part of which was appropriated, because the machine was an integral part of its operations. It is clear, from
 
 Rose
 
 v.
 
 State of New
 
 
 *392
 

 York
 
 (24 N Y 2d 80), that, if Cooney did in fact own the primary crusher, an award for this item would have been proper. In fact, Cooney was only a majority stockholder in the corporation which owned the fixture, and that corporation was not a party to the condemnation proceeding. An award under these circumstances could not properly be made for the primary crusher. There is no authority to make an award in a condemnation proceeding to a stockholder of a corporation who does not own
 
 all
 
 the equity.
 

 On appeal to this court Cooney abandoned its claim for damages to one of its leasehold interests because the lease contained a provision that the fee owner reserved any condemnation award for himself. Under our prior precedents, as the Appellate Division noted, the lessee cannot recover under these circumstances: “It is clear that where the agreement between the lessor and lessee provides for the reservation to the landlord of any condemnation award and terminates the lease in the event of condemnation, the lessee has no claim for injury to his leasehold interest
 
 (Matter of City of New York [Allen St.],
 
 256 N. Y. 236;
 
 Matter of Mayor, etc., of City of N. Y.,
 
 168 N. Y. 254), and while the condemnation clauses in the instant leases provide only that the lessor is to receive the award, without also expressly terminating the lessee’s rights and obligations thereunder, the only reasonable interpretation to be placed on the agreement is that such rights and obligations were
 
 impliedly
 
 terminated (see
 
 Poillon
 
 v.
 
 Gerry,
 
 179 N. Y. 14). Thus we find that the trial court correctly denied claimant any leasehold damages. ” (27 AD 2d 93, 94-95; italics supplied.)
 

 The claimant attempts to distinguish its second claim for leasehold damages from the first by claiming that, though the second lease had the same provision of reservation of condemnation damages to the fee owner, no part of the second leasehold was actually appropriated by the State, and, therefore, it argues that the lease provision is inapplicable to preclude it from recovering.
 

 The claimant, under the rule announced in
 
 Rose (supra),
 
 is permitted to recover for the loss of value of its fixtures even though they are not located on the part of the property actually appropriated by the State. Compensation is proper because the fixtures’ economic utility is destroyed whether or not it is
 
 *393
 
 located on the appropriated property. Similarly, claimant is not in a position to argue that its loss of its interest in the second lease, caused by the removal of its manufacturing plant three miles away, should be considered any differently from its loss of value for the leasehold in which there had been an actual appropriation since both leased parcels were used in an integrated manufacturing process. As indicated in
 
 Rose (supra),
 
 the claimant should not be placed in a better position after the taking than it would have been if no taking occurred.
 

 Having dealt with these two issues, we arrive at the principal question — the evaluation of the fixtures. Our recent decision in
 
 Rose
 
 v.
 
 State of New York (supra)
 
 is dispositive.
 

 In
 
 Rose (supra),
 
 claimant was a lessee of a parcel of land which it used for a sand and gravel business. The claimant was forced to relocate its business because the State appropriated riparian rights incident to the leased property. Rose only removed two pieces of industrial equipment to his new plant site. We held that the award of the Court of Claims should be modified in order to reflect more accurately the actual injury to the claimant. The original award of the Court of Claims was based solely on the difference between reproduction cost less depreciation and salvage value for all the fixtures located at the old site. We considered that this award did not necessarily reflect the true damage to the claimant’s property. In
 
 Rose
 
 we established the following rule to determine the award for damages for the loss of value of fixtures if the claimant removed some items to a new site to continue his business: ‘ ‘ when a claimant removes his fixtures to a new location, they are not always properly valued by reference to a second-hand market in industrial equipment. The machinery, if removed or if it could be successfully removed, should be also valued by determining either the actual or contemplated cost of disassembling, trucking and reassembling the item at a new location. If the cost of removal is less than the difference between salvage value and present value in place, this is all the claimant is entitled to recover. The State is not required to place a claimant in a better position than he was before the taking by helping him to finance a new facility.” (24 N Y 2d, supra, p. 88.) The general discussion in
 
 Rose
 
 with respect to the treatment of fixtures is equally applicable here.
 

 
 *394
 
 The State’s argument that the claimant should he limited to the statutory $3,000 moving expenses was disposed of in the
 
 Rose
 
 decision. In
 
 Rose
 
 we remarked that: “It would be inequitable to limit a claimant to statutory moving expenses for personalty, where the items are without question fixtures, as determined at the time of the taking. The Highway Law (§ 40, subd. 13-b), in force at the time of the taking in this case, only provided for a maximum moving expense award of $3,000* which would be an inadequate amount to compensate this claimant for a move. The section, even as presently amended to provide for a $25,000 maximum, would frequently be insufficient to compensate a claimant for the moving of all his personalty and large trade fixtures. In such circumstances, any holding which would limit the recovery to the statutory amount would simply call for the claimant to abandon his property at his old site and never seek to salvage any part of the property for his own use.” (24 N Y 2d,
 
 supra,
 
 p. 89.)
 

 The plaintiff at trial did not attempt to segregate the actual moving expenses for each fixture removed to the new property, but only itemized expenses with respect to labor, equipment rentals, etc. At the present time it cannot be determined from the record what was the actual and reasonable cost of removing the fixtures owned by Cooney to the new plant site for which recovery may be allowed. Included in Cooney’s total cost of moving is the cost of removal of the primary crusher. Since no recovery can be had for the primary crusher, and the reasonable cost of removing the other fixtures cannot be determined, the case must be remitted to the Court of Claims to determine the reasonable moving expenses of all the compensable fixtures removed.
 

 Accordingly, the order of the Appellate Division should be modified and the matter remitted to the Court of Claims for further proceedings to determine the reasonable moving expenses of the fixtures. If the expenses of moving the machines to the new plant site are greater than the original award for compensation for the fixtures, the award should stand. If moving expenses are less, the claimant is only entitled to that amount.
 

 Chief Judge Fuld and Judges Burke, Scilefpi, Bergan and Breitel concur with Judge Keating ; Judge Jasen dissents in
 
 *395
 
 part and votes to modify on the dissenting opinion at the Appellate Division.
 

 Order modified in accordance with the opinion herein and, as so modified, affirmed, without costs.