## THIRD DEPARTMENT, NOVEMBER, 1969

## (November 6, 1969)

■ GETTY OIL Co., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 46211.) — STALEY, JR., J. Appeal from a judgment in favor of claimant, entered July 12, 1968, upon a decision of the Court of Claims. Claimant is the lessee of premises located at the northeast corner of East Main Street and Medford Avenue in Brookhaven, Long Island. The lease was for a term of 15 years commencing June 1, 1960 with two additional terms of five years each, and provided for a monthly rental of $250 per month. The appropriation by the State on March 5, 1964 for highway purposes of claimant's leasehold consisted of a strip of land 10 feet in depth for a distance of 100 feet along Medford Avenue, and an adjacent 15 by 15 foot triangle on East Main Street. The lessee had the right to improve the property with the construction of a modern gasoline service station with title to all improvements remaining in the lessee, and it was given the right to remove any such improvements. Claimant constructed a one-story two-bay station with other improvements including two gasoline pumping islands at a cost of $42,000. The appropriation required extensive relocation of yard equipment including gasoline pumps and additional black-topping at a cost of $4,765. In order to facilitate the ingress and egress of vehicles to the relocated gasoline pumps on East Main Street, the fee owner made available an area adjacent to the leased premises on the east having a frontage of 20 feet on East Main Street and a depth of 40 feet. Because of the easement over this area, claimant agreed to continue the lease without a reduction in rent. Nevertheless, because of a decline in business, claimant was forced to close the station in the fall of 1967. No claim for damages has been made by the fee owner and the lessee's claim alone is at issue here. The State contends that the award made by the trial court was not based on a proper measure of damages nor a proper method of determining damages. Claimant's expert testified that, in his opinion, the value of the subject property to the lessee had been reduced by 15% over the term of the lease. He determined the annual lease rental to be $7,200 which was computed by the actual annual rent of $3,000 plus 10% of the cost of buildings which amounted to $4,200. Applying his factor of 15% he found an annual loss of $1,080 and multiplied that figure by the 21 years remaining in the lease to arrive at dam-

ages in the sum of $22,680 to which he added $4,800 the "cost to cure" making a total damage of $27,480. Claimant's expert testified that there were no comparable sales or leases upon which he could compute before or after value. The values testified to by claimant's expert were the result of the personal opinion of the witness without any factual support. Such conclusory opinion evidence, based solely upon the expert's background and experience, is entitled to little or no consideration. (*Fonda, Johnstown & Gloversville R. R. Co.* v. *State of New York,* 29 A D 2d 240; *Fredenburgh* v. *State of New York,* 26 A D 2d 966.) The State's expert testified to before and after value of the fee as though unencumbered, and apportioned the amount equally between the fee owner and the lessee. His appraisal of the property entailed using cost, income and market data approaches. He testified that the before value of the improved premises was $71,000 and the after value $64,000. He testified that there were no consequential damages, and that the lessee suffered damages only to the extent that it incurred the expense of "cost to cure" which he said was only $2,200. He could not explain the difference between his valuation of claimant's damage of $3,500 and the figure of $2,200. Although he estimated the fair rental value of the property at $7,000 per year and acknowledged that the actual rental was $3,000, he contended that there was no bonus value accruing to the leasehold. He further testified that there were no consequential damages, or, if there were, that resulting benefits offset them. He did not, however, testify to the character or value of such offsetting benefits. (*Rockaway Peninsula Corp.* v. *State of New York,* 29 A D 2d 997.) His testimony was inconsistent and contradictory throughout, and his evidence of value is entitled to little, if any, consideration. The trial court accepted the claimant's expert's method of evaluation finding that his "figure of damage more clearly approached a realistic and true reflection of the damages sustained." The trial court then applied a 7% diminution of the building cost per year resulting in $294, and a 15% diminution of the ground lease per year resulting in $450 which sums it multiplied by 21 years remaining in the lease, and adding $4,800 for the "cost of cure" awarded total damages of $20,400. This method of evaluation was based on erroneous opinion evidence without foundation in the record, and cannot be sustained. When a trial court makes an award differing from the testimony of either witness, and either or both is rejected as insubstantial and inadequate, then no range of testimony exists, and both the award and its constituted elements must be supplied by other evidence and a sufficient explanation provided by the court. (*Ridgeway Assoc.* v. *State of New York,* 32 A D 2d 851; *Fredenburgh* v. *State of New York, supra; Spyros* v. *State of New York,* 25 A D 2d 696.) The general rule for evaluating damages to a leasehold is to first ascertain the damage to the fee as if it were unencumbered, and then apportion the damage according to the respective interests of the parties. In computing the value of the leasehold, the court must first ascertain the fair rental value of the premises and deduct thereupon the actual rent reserved for the remaining period or term of the lease to arrive at the bonus value of the leasehold. (*Great Atlantic & Pacific Tea Co.* v. *State of New York,* 22 N Y 2d 75; *Matter of City of New York* [*Delancey St.*], 120 App. Div. 700, 708; 4 Nichols, Eminent Domain [3d ed.], § 12.42 [3].) The amount of damages should then be determined on the basis of the difference in bonus value before and after the taking as discounted by the factor present worth (referred to as the Inwood factor). (*Matter of City of N. Y.* [*Fairfield Trust*], 19 A D 2d 44.) Under the circumstances, we believe that the only fair method of determining accurately the amount of compensation to which claimant is entitled is to afford both parties an opportunity to present at a new trial the evidence required to establish the damages to claimant's leasehold.

There is in the record such a deficiency of evidence that neither this court nor the trial court could formulate an award in a manner consistent with the general rule of damages applicable in partial appropriations of a leasehold interest. Judgment reversed, on the law and the facts, and a new trial ordered, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.