### (March 6, 1975)

■ ROBIN OPERATING CORP., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50610.) Action No. 1.) MARTIN ZELMAN, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 50612.) (Action No. 2.) HUBER-KETTELL CORP., Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 51317.) (Action No. 3.) ROBIN OPERATING CORP., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 51366-A.) (Action No. 4.) — Cross appeals in Action Nos. 1, 2 and 3 from judgments in favor of claimants, entered June 22, June 29 and July 24, 1972, upon a decision of the Court of Claims, and appeals in Action No. 4 from (1) a judgment of said court, entered May 8, 1972, which dismissed a claim of Robin Operating Corporation, and (2) an order, entered June 13, 1972, denying a motion to set aside said judgment. Pursuant to section 30 of the Highway Law, portions of a six-acre tract lying to the north of Sunrise Highway in the Town of Islip, Suffolk County, were appropriated by the State between July 9, 1968 and April 10, 1969 for the purpose of improving and widening said road. The parcel contained an integrated neighborhood shopping center complex, but the various fee and permanent easement takings affected only vacant or improved parking areas and did not disturb the buildings located thereon. Huber-Kettell Corp. owned the most westerly portion of this property which it leased to Robin Operating Corp. (hereinafter Robin). A contiguous segment to the east was owned by Robin and the most easterly portion was owned by Martin Zellman, an officer of Robin. The portions of the property appropriated consisted of a strip of land along the southerly and easterly boundaries of the entire tract to various depths. Separate claims were made by the three fee owners and cross appeals are taken from the respective awards in their favor. Additionally, Robin appeals from the dismissal of its claim founded on its lease with Huber-Kettell. We agree with the trial court's conclusion that the condemnation clause of Robin's lease with Huber-Kettell prevents it from claiming any portion of the owner's award. Furthermore, Robin did not adequately establish in theory or amount that its leasehold interest was devalued by the appropriation. The State's contention that the trial court improperly assessed damages for the permanent easements at the same unit value as the fee takings is well taken. The judgments in favor of claimants should be modified to reflect the distinction between the interests appropriated by reducting the portions thereof representing the value of those easements by 10% (cf. *Clark* v. *State of New York,* 20 A D 2d 182, affd. 15 N Y 2d 990). We have examined the other issues raised by the parties and find them to be without merit. Judgments modified, on the law and the facts, by reducing the award in favor of Martin Zellman by $276, Robin Operating Corp. by $107, Huber-Kettell Corp. by $67, and, except as so modified, affirmed,

without costs. Order dismissing the claim of Robin Operating Corp. (Claim No. 51366–A) affirmed, without costs. Herlihy, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.