VIVIAN M. TRAENDLY, Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 52303.)

MAYFLOWER RESTAURANTS OF CENTRAL PARK AVENUE, INC., Appellant-Respondent, v STATE OF NEW YORK, Respondent-Appellant. (Claim No. 50821.)

Third Department, April 15, 1976

*Richard J. Leahy* for Vivian M. Traendly, appellant-respondent.

*Marshall, Bratter, Greene, Allison & Tucker (Paul A. Feigenbaum, Richard L. Bond* and *Allen H. Brill* of counsel), for Mayflower Restaurants of Central Park Ave., Inc., appellant-respondent.

*Louis J. Lefkowitz, Attorney-General (J. Lawson Brown* and *Ruth Kessler Toch* of counsel), for respondent-appellant.

REYNOLDS, J. Pursuant to sections 30 and 349-c of the Highway Law, the State appropriated portions of a lot and a building thereon on the northeast corner of Central Park Avenue and Seneca Avenue in the City of Yonkers, New York,

for the purpose of eliminating a grade crossing at Tuckahoe Road, to widen the northbound lane of Central Park Avenue for express traffic and to construct a northbound service road for local traffic. The State also appropriated temporary easements for a work area and for removing or razing buildings and improvements.

Vivian M. Traendly, owner of the fee of the subject property, claimant in Action No. 1 (hereinafter landlord), filed her claim in Action No. 1 to recover her damages as fee owner. Mayflower Restaurants of Central Park Avenue, Inc. (hereinafter tenant) filed its claim in Action No. 2 to recover its damages as lessee. The claims were consolidated for trial.

After a consolidated trial, the court in its decision directed that separate judgments be entered, which resulted in the two judgments appealed from. In Action No. 2 the court awarded tenant $112,209.30 for its damages, cost to cure and signs, with appropriate interest, which increased tenant's judgment to a total of $142,687.75. The court awarded landlord in Action No. 1 $15,080 for all damages direct and consequential. As the State had made a preliminary payment to landlord, substantially in excess of landlord's award, on stipulation, the judgment in Action No. 1 was entered in favor of the State against landlord for $36,120 and appropriate interest.

The court properly determined first the value of the unencumbered fee of the subject property before condemnation and the value thereof after the taking, thereby determining the value of all the interests taken (Arlen of Nanuet v State of New York, 26 NY2d 346). Thereafter the court apportioned the award between landlord and tenant. On this appeal neither landlord nor tenant contests the amount of the award for permanent and consequential damages to the fee. Landlord claims the apportionment of damages was erroneous because the court disregarded the condemnation clauses in the lease between landlord and the tenant's assignor. Tenant asserts landlord lacks standing to attack the award to tenant as landlord was not a party to tenant's action and did not and could not appeal from the judgment entered in Action No. 2 in favor of tenant. Landlord has standing to contest the inadequacy of the award to her and, consequently, the propriety of the apportionment of the damages (Esso Std. Oil Co. v State of New York, 10 AD2d 760). The State, by its cross appeals in both actions, has brought before the court the question of proper apportionment in both actions, and has thereby

avoided the possibility that the court, in correcting an inadequate award to landlord, might increase the total award for the property because the judgment as to tenant had become final *(Esso Std. Oil Co. v State of New York, supra)*. Contrary to tenant's claim, the State has not abandoned its cross appeal. The State candidly concedes only that the proper division of damages is essentially a controversy between landlord and tenant.

Tenant, in Action No. 2, limited its appeal to claims that (1) the court's award of $1,850 per annum for damages for the temporary easements was inadequate, (2) the court's award of $15,238 for cost to cure was inadequate and (3) the court failed to award compensation for its fixtures. Tenant has not pressed its claim for compensation for fixtures on this appeal. The award for temporary easements and for cost to cure is within the range of testimony and is supported by the record and must be sustained. We find no error in the exclusion of tenant's evidence proffered apparently to demonstrate the inconvenience caused by the construction in access to the subject property by tenant and its potential customers. Damages are not recoverable for causing inconvenience in access to property abutting on a highway or the diversion of traffic therefrom *(Bopp v State of New York,* 19 NY2d 368). "Damages resulting merely from circuity of access are considered as *damnum absque injuria" (Selig v State of New York,* 10 NY2d 34, 39; see 16 Buffalo L Rev 603).

Landlord claims the court erred in failing to give proper consideration to the condemnation clauses in the lease in apportioning the damages between landlord and tenant. We agree. The lease of the subject property between landlord and tenant's assignor was introduced into evidence. The court was requested to and agreed to consider the terms of the lease in its final decision. We find the court erred in failing to accord proper treatment of the condemnation clauses in the lease. The decision herein neglected to apportion the award in condemnation in the manner agreed upon by the landlord and tenant in the lease of the subject property. A landlord (fee owner) and tenant may determine by agreement how a condemnation award shall be divided. The court hearing the condemnation proceeding must divide the award according to the terms of the agreement. The Court of Claims has jurisdiction and the obligation to make the award in compliance with the terms of the agreement. The agreement may exclude a

tenant from all the award or from some lesser part *(Cooney Bros. v State of New York,* 24 NY2d 387; *Matter of City of New York [Upper New York Bay],* 246 NY 1, cert den sub nom *Greater New York Dock & Warehouse Co. v Stapleton Dock & Warehouse Corp.,* 276 US 626; *Matter of Mayor, etc. of New York [Pier 39, East Riv],* 168 NY 254; *Robin Oper. Corp. v State of New York,* 47 AD2d 772; *Esso Std. Oil Co. v State of New York,* 10 AD2d 760, *supra; Behrer Holding Corp. v State of New York,* 26 Misc 2d 388). "In fixing awards in condemnation proceedings, the value of what has been taken must be determined and then that value must be divided among those whose interests are extinguished by the taking. Those interests may be defined by contract of the parties interested and in the same way the parties may determine by agreement how compensation shall be divided upon the extinguishment of those interests by the sovereign." *(Matter of City of New York [Allen St.],* 256 NY 236, 242-243.) As there was a permanent partial taking in this case and tenant did not exercise its right to terminate the lease, condemnation clause (c) of the lease became operative. By virtue thereof tenant's recovery is limited to awards for its equipment and fixtures, with the balance payable to landlord. Clause (c) also imposes certain obligations on landlord after receipt thereof to apply part of the award allocated for damage to building to reconstruction of the building and part of the award for taking parking space towards the cost of constructing additional off-street parking facilities. Landlord concedes that tenant is entitled to the award of $1,850 for the temporary easements under condemnation clause (d) of the lease. The judgment in favor of claimant-tenant in Action No. 2 should be modified to limit its recovery for damages to the award of $11,050 for its fixtures and to the award of $1,850 per year, at the rate of $154 per month, for the temporary easements, and appropriate interest thereon. The judgment in favor of the State of New York against claimant-landlord in Action No. 1 should be modified by increasing the award to claimant-landlord by reflecting the recovery for all damages direct and consequential to the land and building in the sum of $93,550 and the cost to cure in the sum of $15,238, with appropriate interest on both amounts.

The judgment in Action No. 2 should be modified, on the law and the facts, by reducing the award in favor of claimant-tenant to $11,050 for its fixtures and $1,850 per year at the

rate of $154 per month for the temporary easement, with appropriate interest on both items, and the judgment in Action No. 1 should be modified, on the law and the facts, by increasing the award to claimant-landlord for damages to land and building to $93,550 and damages of $15,238 for cost to cure, with appropriate interest on each item, and, as so modified, both judgments affirmed, without costs.

GREENBLOTT, J. P., SWEENEY, MAHONEY and HERLIHY, JJ., concur.

Judgment in Action No. 2 modified, on the law and the facts, by reducing the award in favor of claimant-tenant to $11,050 for its fixtures and $1,850 per year at the rate of $154 per month for the temporary easement with appropriate interest on both items, and judgment in Action No. 1 modified, on the law and the facts, by increasing the award to claimant-landlord for damages to land and building to $93,550 and damages of $15,238 for cost to cure, with appropriate interest on each item, and, as so modified, both judgments affirmed, without costs.