■ MOBIL OIL CORPORATION, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 53588.)—Judgment unanimously modified in accordance with memorandum and as modified affirmed, without costs. Memorandum: The State is appealing from a judgment of the Court of Claims which awarded the claimant Mobil Oil Corporation (Mobil) $26,243.40 plus pro rata refund of prepaid taxes and appropriate interest on Mobil's claim for damages resulting from the State's appropriation of its leasehold interest in certain land and its fixtures thereon. Mobil and its predecessor corporation had leased the unimproved land since December 12, 1942, and on August 16, 1961 Mobil renewed its lease for three successive renewal periods of five years each at an annual rent of $420. At the time of the taking there remained 10 years in the term of the lease, assuming that all options would be exercised. The lease provided that all improvements made by the tenant were to remain the tenant's at the expiration of the lease. The State concedes that the claimant should be compensated for its interest in the leasehold and in any compensable improvement, and that the proper method of computing the value of the leasehold interest is to deduct the contract rent due the fee owner from the fair rental (or economic) value of the premises *(Great Atlantic & Pacific Tea Co. v State of New York,* 22 NY2d 75, 84). However, the State contends that the trial court erred in utilizing the fair rental value of the improved property in this computation. We do not agree with this argument. The trial court's finding that the fair rental was $3,200 per year falls within the range of the experts' valuations and should not be disturbed *(Miller Paper Co. v State of New York,* 34 AD2d 880). The court subtracted from this fair rental value the $420 annual rent Mobil paid the owner of the fee which left a net value of $2,780 per year for the improved leasehold. The court capitalized this annual net value of the leasehold at 7% using the Inwood Coefficient for 10 years *(Getty Oil Co. v State of New York,* 33 AD2d 705, 706; *Matter of City of New York [127-129 Water St. Corp.—Gillies Coffee Co.],* 19 AD2d 44, 48) and found "the fair and reasonable market value of the leasehold interest in the land to have been $19,043.40". However, the appropriate Inwood Coefficient of 7% for 10 years is 7.024 (Friedman, Encyclopedia of Real Estate Appraising, p 73). Multiplying the annual net value of $2,780 by proper coefficient, the total of the net annual rental value is $19,526.72. Giving effect to this slight arithmetic change, the trial court's computations do reflect Mobil's interest in the improved leasehold over its unexpired term *(Esso Standard Oil Co. v State of New York,* 10 AD2d 760). The trial court having determined the net annual rental value of the property as improved, the claimant has received an increment equal to the value of the improvements to the end of the lease term. It was, therefore, improper for the trial court to make an additional award for the improvements as it did when it awarded $7,200 (the State's appraiser's market value of the improvements). In modifying the award one final finding should be made. The State's appraiser estimated that the improvements when originally made had an economic life of 25 years, of which 15 years remained. Since there were 10 years remaining to the lease, the improvements would depreciate two-thirds from the date of taking until the expiration of the lease, which would leave the improvements with a value of $2,400 upon expiration of the lease. The judgment, therefore, should be modified by awarding $19,526.72 as the net value of the leasehold and $2,400 as the residual value of the improvements, making a total of

$21,926.72, plus pro rata tax prepayments and interest. (Appeal from judgment of Court of Claims—appropriation.) Present—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.