OPINION OF THE COURT

Per Curiam.

In June, 1970, pursuant to sections 30 and 349-c of the Highway Law, the State appropriated a portion of two adjacent parcels in the City of Yonkers in Westchester County. Parcel I was owned in fee by claimants Castellano and leased to Yonkers Realty Associates. The latter owned Parcel II. A building housing an S. Klein Department Store straddled the two parcels. Following the taking: claimants Castellano filed a claim as fee owners of Parcel I (Claim No. 54477); and Yonkers Realty filed two claims, one as lessee of Parcel I (Claim No. 54102) and the other as fee owner of Parcel II (Claim No. 54106). This appeal concerns a dispute between the Castellanos, as fee owners, and Yonkers Realty, as lessee, with respect to amounts awarded for Parcel I.
The Court of Claims denied the State’s motion for consolidation of the three claims, but ordered that its motion for a joint trial be granted. Based on a taking of 19,103+ square feet in Parcel I and permanent and temporary easements, the court found that Parcel I suffered direct and consequential damages amounting to $180,034. In considering how this sum should be apportioned between the owner and lessee, the court rejected the landlords’ argument that correction of an alleged typographical error in clause (d) of paragraph 12 of the land lease established that the landlords were entitled to the entire proceeds of the award, concluding that the proof presented was insufficient and further that the court lacked jurisdiction to reform the lease. Instead, the court awarded the Castellanos $16,675, representing their reversionary interest as fee owners and the present worth of the rental loss, and awarded the balance of the damages, approximately $164,000, to lessee Yonkers Realty. These awards were embodied in separate judgments.
Cross appeals were taken to the Appellate Division, which *911 found no error in amount of damages determined or in the result reached in allocating said amount. That court held, however, that the Court of Claims improperly rejected the State’s attempt to introduce partial payment agreements into evidence solely for the purpose of proving that there should be a suspension of interest on the amounts stated in said agreements as of 30 days after the State sent closing papers to the claimants pursuant to the agreements. Hence, it modified by reversing so much of the judgments as provided for interest on the awards and remitted the matter for a determination of the question of interest.
The fee owners, the Castellanos, appealed pursuant to CPLR 5601 (subd [d]) from the judgment of the Court of Claims entered following the remittal by the Appellate Division. On this court’s own motion, Yonkers Realty Associates was joined to this appeal pursuant to CPLR 1003.
There should be a reversal. It is a fundamental principle that the Court of Claims has jurisdiction, and indeed an obligation, to make an award in compliance with the terms of an agreement between a landlord and a tenant and that in so doing it may exclude one of the parties from part or all of an award to which it might otherwise be entitled (see Traendly v State of New York, 51 AD2d 489, affd 43 NY2d 804; Cooney Bros, v State of New York, 24 NY2d 387; Matter of City of New York [Allen St], 256 NY 236). In the instant matter, the owners made at least a prima facie case for their entitlement to the award by showing that the use of the word "Lessor” in a part of clause (d) of paragraph 12 of the lease was grammatically inconsistent with the rest of the lease. Further proof was offered, but it is unnecessary to detail it here. The point is that from the outset the case was not capable of proper resolution because of the failure to explore fully how this interpretation of clause (d) of paragraph 12 might affect the allocation of damages.
It was asserted that a reformation of the lease was sought and that the Court of Claims lacked jurisdiction for such an undertaking. The fact is, however, that what was requested was an interpretation rather than what might be characterized as a reformation. To carry out the intention of a contract, words may be transposed, rejected, or supplied, to make its meaning more clear (Bintz v City of Hornell, 268 App Div 742, 747; Potthoff v Safety Armorite Conduit Co., 143 App Div 161, 163; see, also, Long Is. R. R. Co. v Northville Inds. Co., 41 *912 NY2d 455, 463; Castelli v Burns, 156 App Div 200). This was a question of interpretation properly within the jurisdiction of the Court of Claims.
At trial, proof was offered to show what was intended in clause (d) of paragraph 12 of the lease, but the trial court’s resolution of this issue was impeded because it assumed that the relief sought was reformation and that the court lacked jurisdiction to grant this remedy. If the court had been of the view that it could substitute one word for another in order to make clear the meaning of the lease, the proof offered may have furnished additional support for the interpretation urged by the Castellanos. To focus on this issue, the case should be remitted for further proceedings so that such proof may be considered in the context of a trial at which the court recognizes that it may determine that the parties intended to use the word "Lessee” in the relevant portion of clause (d) of paragraph 12. The court may thus explore all that may be offered to show what is the proper interpretation of clause (d) of paragraph 12 and how it might relate to the other provisions of the lease. When examining the condemnation clauses, however, the court should be mindful that there may be a distinction between how the award should be judicially allocated and the manner in which the parties have agreed to apply it (see Traendly v State of New York, 43 NY2d 804, supra).
In conclusion, by remitting, this court does not open up or touch upon the judgment in favor of the claim made by Yonkers Realty (Claim No. 54102). Since the State has failed to appeal from the judgment on that claim, this court may not interfere with or disturb that judgment, even if the State is required to pay twice for the same damage. In future cases, to avoid procedural difficulties, ordinarily claims of this sort should be consolidated and, if consolidation is not ordered, to avoid a potential duplication of liability, the State should appeal from all judgments relating to claims in respect to the same property.
Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should be reversed, without costs, and the case remitted to the Court of Claims for further proceedings in accordance with this opinion with respect to the allocation of damages to claimants-appellants for the property in question.