■  MARGARET LEATSO et al., Appellants-Respondents, v STATE OF NEW

York, Respondent-Appellant. (Claim No. 54702.)—Cross appeals from a judgment in favor of claimants, entered January 19, 1977, upon a decision of the Court of Claims. Claimant Margaret Leatso was the owner of a 16.4± acre tract of land located on the westerly side of Wolf Road in the Town of Colonie which she used as a farm and residence. On November 5, 1970 she leased to claimant Van Dussen-Storto a portion of her property consisting of 8.324 acres of vacant land for a term of 49 years, with five 10-year options, for an annual minimum rent of $20,000. The lease provided that the tenant would erect a 150-room motel within 12 months. After obtaining the lease Van Dussen-Storto took various steps in connection with the erection of the motel, many of which are in issue on this appeal. On August 6, 1971 the State appropriated 6.139± acres consisting of 5.836± acres from the lease-hold premises and .303± acre from claimant Leatso's nonleasehold land. As a result, Van Dussen-Storto was left with 2.488± acres of its leasehold. The lease was thereupon terminated by mutual agreement. On October 27, 1971 Leatso and Van Dussen-Storto entered into an agreement which provided that Leatso would receive the first $306,950 of the proceeds of any appropriation award from the State, with the balance to Van Dussen-Storto. Thereafter, on October 28, 1971, the claimants entered into a lease covering 4.558± acres including 2.185± acres from the original lease and an additional 2.373± acres from other lands remaining from claimant Leatso's original 16.4± acres. This lease provided for rent in the sum of $30,000 per acre per annum. At the trial held before the Court of Claims in March, 1976, the claimants sought compensation for the fee and leasehold takings and certain enhancement and litigation expenses. All parties agreed that there were no consequential damages and that the highest and best use of the subject property was commercial. Claimant's appraiser Lavine valued the subject fee property, both before and after the appropriation, at $110,-000 per acre, claimant's appraiser Scott arrived at a $75,000 per acre figure and the State's appraiser Jordan opined that the value was $40,000 per acre. The Court of Claims valued the fee at $70,000 per acre. The record, in its entirety, supports the conclusion that the court arrived at a value which fairly represents the fair market value of the property and, in effect, fixed a market value within the range of the testimony *(Chalmers & Sons v State of New York,* 35 AD2d 864). Claimants also allege that the court erred in determining the value of the leasehold interest prior to consideration of enhancement costs. We agree that the court's methodology was improper, but the figure arrived at by the court varies only slightly from the correct value. The court arrived at a figure of $179,964.88 by multiplying the "bonus rental", the difference between the economic value of the lease per year and the contract rent, by the number of acres. Although we find the determination of a bonus rent of $21,620 per year to be within the range of the testimony, the value of a lease is correctly determined by multiplying the bonus rent for one year by the "Inwood coefficient" *(Great Atlantic & Pacific Tea Co. v State of New York,* 22 NY2d 75; *Mobil Oil Corp. v State of New York,* 52 AD2d 1032). The Inwood coefficient for a 99-year lease capitalized at 12% (a figure supported by the record) is 8.33. $21,620 × 8.33 = $180,094.60. Because the Court of Claims properly calculated the value of the leasehold in one portion of its decision, it appears that the subsequent erroneous computation in its recapitulation may have been inadvertent. The final major items to be considered on this appeal relate to the additional award by the Court of Claims of enhancement damages in the sum of $87,173.90. Claimants allege that they were entitled to all of the enhancement damages they sought, while the State contends that few or none of the

expenses alleged by claimants increased the market value of the subject premises at the time of the appropriation. Our examination of the record as to the enhancement costs allowed by the court leads us to conclude that despite the court's error in mechanically adding the expenses allowed to the value of the raw land, in view of the complexity of the litigation, the approximations necessarily used, and the reasonableness of the expenses allowed, a remittal for redetermination is not in order *(Waxman v State of New York,* 57 AD2d 244). We reject the argument of claimants that the Court of Claims erred in disallowing the claims for enhancement damages based upon the posttaking experience with the second lease. In our view claimants failed to establish that the increased costs alleged had any particular bearing upon the fair market value of the subject property at the time of the taking *(Arlen of Nanuet v State of New York,* 26 NY2d 346; *Waxman v State of New York, supra).* We also reject the arguments by claimants that they are entitled to expenses of this litigation, including attorney's fees *(City of Buffalo v Clement Co.,* 28 NY2d 241) and expert witness fees *(Matter of Ulster Sewer Improvement, Town of Ulster v Horowitz,* 54 AD2d 808, app dsmd 40 NY2d 1079). Because of the said agreement between the claimants, dated October 27, 1971, as to the division of the proceeds of this litigation, our determination of an error in the court's computation of the value of the leasehold interest held by Van Dussen-Storto has no effect on the judgment appealed from. Judgment affirmed, without costs. Sweeney, J. P., Staley, Jr., Larkin, Mikoll and Herlihy, JJ., concur.