(May 9, 1988)

■ Au-Tis Auto Service Centers, Inc., Respondent, v State of New York, Appellant. (Claim No. 71247.) Gerald Rottkamp et al., Respondents, v State of New York, Appellant. (Claim No. 74317.)

In January of 1984, the State appropriated a part of certain land owned by the claimants Gerald and Wilfred Rottkamp and leased by the claimant Au-Tis Auto Service Centers, Inc. (hereinafter Au-Tis).

On July 15, 1985, Au-Tis filed a claim to recover its damages for loss of its leasehold interest, improvements and trade fixtures. Both the State and Au-Tis were granted extensions to file their appraisals. On December 10, 1985, Au-Tis filed its trade fixtures appraisal; and on January 12, 1987, Au-Tis filed its appraisal concerning its leasehold interest. The claimants Rottkamp did not file their claim until January 15, 1987.

In May of 1987 the State requested, by written motion, that the Court of Claims hold a joint trial of the two claims and

398

that its time to file its appraisals as to both claims be extended until November 15, 1987. This application was the State's fourth request for a filing extension as to the Au-Tis claim, and prior to oral argument on the State's motion, the Court of Claims set November 16, 1987 as the trial date for that claim.

Consequently, at oral argument on August 19, 1987, the Court of Claims granted the State's application for a joint trial of the claims, with the proviso that the trial was to be held on November 16, 1987. If the State was not ready to proceed with regard to the Rottkamps' claim, the Court of Claims indicated that it would sever the claims and separately try the Au-Tis claim on November 16, 1987. In light of the date set for the joint trial, the Court of Claims granted the State's application for an extension of time to file its appraisals only to the extent that the appraisals on both claims were to be filed by September 21, 1987.

We find without merit the State's contention that the Court of Claims abused its discretion in directing a joint trial only if it could be held on November 16, 1987, and the determination that if the State was not then prepared on both claims, the court would nevertheless proceed to try the Au-Tis claim. *Great Atl. & Pac. Tea Co. v State of New York* (22 NY2d 75), relied upon by the State, does not mandate that the lessee's claim must be tried either jointly with the lessor's claim or after the lessor's claim *(see also, Matter of Trustees of N. Y. & Brooklyn Bridge,* 137 NY 95, 97; *Matter of City of New York,* 33 Misc 2d 808, 810, *affd sub nom. Matter of City of New York [Reisner],* 16 AD2d 637, *affd* 13 NY2d 959; *Mobil Oil Corp. v State of New York,* 52 AD2d 1032). Therefore, we find no impropriety in the trial schedule set by the Court of Claims. Further, we find no abuse of discretion in the Court of Claims direction limiting the State's request for additional time to file its appraisals on both claims.

In any event, as a result of the State's appeal and the statutory stay (CPLR 5519 [a] [1]), the time limitations have been rendered academic. The claimants could have sought, but chose not to seek, vacatur of the stay or other appropriate relief from this court. Bracken, J. P., Lawrence, Kunzeman and Harwood, JJ., concur.